**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KEVIN DEVON BRIGGS,

    Plaintiff,

v.

HARRIS,

    Defendant.

Case No. 20-11460
Honorable Laurie J. Michelson

**ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

Plaintiff Kevin Deon Briggs filed this civil rights complaint in the Western District of Michigan. A court in that district granted Briggs the right to proceed without prepaying the filing fee. *See Briggs v. Harris*, No. 20-cv-00442 (W.D. Mich. May 28, 2020) (order granting application to proceed *in forma pauperis*). In doing so, the Western District court also stated, "The Court shall review the case under 28 U.S.C. §§ 1915(e), 1915A and/or 42 U.S.C. § 1997e(c)(1), as appropriate. After the Court reviews the case, the Court will determine whether dismissal or service of process is appropriate, and will fashion an order accordingly." *Id.* But this case was then transferred here, to the Eastern District of Michigan. So this Court will "review the case under 28 U.S.C. §§ 1915(e), 1915A and/or 42 U.S.C. § 1997e(c)(1), as appropriate."

When a plaintiff is given the right to proceed without prepaying the filing fee, this Court reviews the plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B). And that statutory provision states (in part) that "the court shall dismiss the case at any time if the court determines that" the case "fails to state a claim on which relief may be granted." *Id.*

1

Here, Briggs' complaint fails to state a claim on which relief may be granted because the events described in his complaint occurred before May 2017 and yet he filed suit in May 2020. In other words, Briggs' claims are time barred.

Briggs alleges that on February 16, 2017, he sought medical attention, but Defendant Harris not only failed to help, he assaulted him.  More specifically, Briggs says he informed Harris, a corrections officer at the Cotton Correctional Facility in Jackson, Michigan, that he was not feeling well. (ECF No.1, PageID.4.) Briggs claims that he is a diabetic and was suffering from low blood sugar. (*Id.*) He says that Harris refused to help him. (*Id.*) Briggs further alleges that when he sought out a prison nurse to seek help, Harris intervened to prevent him from obtaining medical assistance. (*Id.*) Briggs asked to be returned to his housing unit so he could get something to eat, but Harris allegedly charged toward him in an aggressive manner and began yelling obscenities at him. (*Id.*) Briggs alleges that Harris used excessive force against him by putting tight handcuffs on him before slamming his head against a desk and then slamming his body to the floor. (ECF No. 1, PageID.5.) Briggs asserts that this excessive force took place on February 16, 2017, the same day he was denied medical treatment for his low blood sugar. (*Id.*)

Briggs also claims that Harris filed a misconduct report against him that was false. (*Id.*) According to Briggs, he was found not guilty of the misconduct on February 28, 2017. (*Id.*)

Later, Briggs sued. In particular, Briggs signed and dated his complaint on May 6, 2020. In the complaint, he alleges that Harris used excessive force and filed a false misconduct report against him. (*Id.*) Briggs seeks declaratory and monetary relief. (ECF No.1, PageID.6–7.)

A federal court has the discretion to raise the statute of limitations issue *sua sponte* while screening a complaint. *See* 28 U.S.C. § 1915(e)(2)(B); *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations,

the complaint is subject to dismissal for failure to state a claim."); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

Briggs' complaint is barred by the statute of limitations. In § 1983 cases, the appropriate statute of limitations is the analogous state statute of limitations for personal injury actions. *Crabbs v. Scott*, 880 F.3d 292, 294–95 (6th Cir. 2018). Michigan's statute of limitations for civil rights actions is three years. *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 430 (6th Cir. 2016) (citing Mich. Comp. Laws § 600.5805(2)). Briggs' complaint was signed and dated May 6, 2020, more than three years after he claims that Harris refused him medical treatment, used excessive force, and fabricated the misconduct charge against him. Since Briggs filed this complaint more than three years after the events giving rise to the allegations in the complaint, the case will be dismissed, with prejudice, as barred by the applicable limitation period.

SO ORDERED.

Dated: July 2, 2020

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 2, 2020.

s/Erica Karhoff
Case Manager to the
Honorable Laurie J. Michelson

3