UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN DEVON BRIGGS,

        Plaintiff,                Case No. 2:20-cv-11460

                                        District Judge Laurie J. Michelson

v.                               Magistrate Judge Anthony P. Patti

HARRIS,

        Defendant.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE PLAINTIFF'S CLAIMS AGAINST DEFENDANT FOR FAILURE TO EFFECT TIMELY SERVICE AND FOR FAILURE TO SHOW CAUSE

**I.    RECOMMENDATION**:  The Court should dismiss Plaintiff's claims

against Defendant without prejudice for failure to comply with Fed. R. Civ. P. 4

and for failure to show cause.

**II.    REPORT:**

    **A.    Background**

Plaintiff, proceeding *in forma pauperis*, filed the instant action on May 18,

2020, against Defendant Anthony Harris, while incarcerated at the Michigan

Department of Corrections (MDOC) Michigan Reformatory (RMI).  (ECF Nos. 1

& 17.)  The case was transferred to this Court on June 5, 2020 (ECF No. 1), and

after initially dismissing the case and later rescinding the order of dismissal (ECF

Nos. 4 & 11), Judge Michelson referred the case to me for all pretrial matters (ECF No. 19).

## B. The Court's Order to Show Cause

The United States Marshal Service (USMS) acknowledged receipt of service documents on August 9, 2021 (ECF No. 18), and again on April 14, 2022 (ECF No. 21), but the summons for Defendant Harris was returned unexecuted on May 6, 2022 (ECF No. 22). The Court then entered an order on May 27, 2022, directing the MDOC to provide Defendant Harris's last known address, as he could no longer be located at the work address provided. (ECF No. 23.) This order was mailed to Plaintiff at his address of record, but the mail was returned as undeliverable, noting that Plaintiff had been paroled or discharged. (ECF No. 24.)[1] On June 27, 2022, the USMS acknowledged receipt of service documents for Defendant Harris using the address the MDOC provided (ECF No. 25), but ultimately filed notice of reasonable effort search on September 1, 2022, checking the box on the form stating:

> An alternate address could not be located due to multiple search results being returned for the defendant's name and state indicated in the address provided by the [MDOC]. The [USMS] will make no additional efforts to perform service.

---

[1] Indeed, an offender search reveals that Plaintiff is no longer incarcerated, and is currently on parole. *See* www.michigan.gov/corrections, "Offender Search" (last visited Oct. 11, 2022).

(ECF No. 26).  To date, no waiver of service has been returned, nor appearance made on behalf of, Defendant Harris.

Accordingly, on September 22, 2022, I entered an order requiring Plaintiff to show cause "**IN WRITING ON OR BEFORE Friday, October 14, 2022**," why this case should not be dismissed for failure to comply with Fed. R. Civ. P. 4. (ECF No. 27, PageID.67.)  In particular, Plaintiff was cautioned that "[i]n the event that [he] fails to establish good cause, the Court will issue a Report and Recommendation that [his] claims against Defendant Harris be dismissed without prejudice."  (ECF No. 27, PageID.67.)

### C.    Discussion

The docket indicates that a copy of the show cause order was served upon Plaintiff at his address of record – RMI – but was returned as undeliverable with a note that Plaintiff had been paroled or discharged.  (ECF No. 28.)  And Plaintiff has therefore not responded to the show cause order.

Plaintiff having been ordered to show cause, having failed to show cause, and, further, having failed to comply with Fed. R. Civ. P. 4 and failed to keep the Court apprised of his own whereabouts, the Court should dismiss Plaintiff's claims against Defendant without prejudice.  Fed. R. Civ. P. 4(m).

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," *etc*.  If the Court determines that any objections are without

merit, it may rule without awaiting the response.

Dated:  October 17, 2022

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE