UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN DEVON BRIGGS,<br><br>    Plaintiff,<br><br>v.<br><br>HARRIS, *Correctional Officer*,<br><br>    Defendant. | Case No. 20-11460<br>Honorable Laurie J. Michelson<br>Magistrate Judge Anthony P. Patti |

**ORDER ACCEPTING REPORT AND RECOMMENDATION [29] AND DISMISSING CASE**

Kevin Briggs, formerly in the custody of the Michigan Department of Corrections, alleges that he sought medical attention, but Defendant Harris not only failed to help, he assaulted him. More specifically, Briggs says that in February 2017, he informed Harris, a corrections officer, that he was not feeling well. (ECF No.1, PageID.4.) Briggs claims that he is a diabetic and was suffering from low blood sugar. (*Id.*) He says that Harris refused to help him. (*Id.*) Briggs further alleges that when he sought out a prison nurse to seek help, Harris intervened to prevent him from obtaining medical assistance. (*Id.*) Briggs asked to be returned to his housing unit so he could get something to eat, but Harris allegedly charged toward him in an aggressive manner and began yelling obscenities at him. (*Id.*) Briggs alleges that Harris used excessive force against him by putting tight handcuffs on him before slamming his head against a desk and then slamming his body to the floor. (ECF No.

1, PageID.5.) Briggs also claims that Harris filed a false misconduct report against him. (*Id.*) According to Briggs, he was found not guilty of the misconduct. (*Id.*)

Later, Briggs sued. In his complaint, he alleges that Harris used excessive force and filed a false misconduct report against him. (*Id.*) Briggs seeks declaratory and monetary relief. (ECF No. 1, PageID.6–7.)

The Court referred all pretrial matters to Magistrate Judge Anthony P. Patti. Recently, Judge Patti issued a report and recommendation to dismiss this case because Briggs failed to prosecute it. He pointed out that Briggs did not respond to an order to show cause "why this case should not be dismissed for failure to comply with Fed. R. Civ. P. 4." (ECF No. 29, PageID.71.)

It appears that Briggs never responded to the Court's show-cause order because he did not receive it. Indeed, the docket reflects that the show-cause order and an earlier order were returned as undeliverable. (ECF Nos. 23, 27.) Moreover, based on Michigan's offender tracking database, Briggs is no longer in prison but instead is on parole.

But if the reason Briggs did not respond to the Court's show-cause order is because he did not receive it, that is because Briggs did not, as he was required to do, provide the Court with his current address. Before this case was transferred to the Eastern District of Michigan, the court in the Western District of Michigan entered an order that stated, "Plaintiff shall promptly notify the Court of any change in address. Failure to do so may result in the dismissal of the action for lack of prosecution." *Briggs v. Harris*, 1:20-cv-00442-PLM-SJB (W.D. Mich. May 28, 2020)

2

(order to proceed in forma pauperis); *see also Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) ("[I]t is the party, not the court, who bears the burden of apprising the court of any changes to his or her mailing address."). Yet Briggs never provided an updated address.

Accordingly, the Court sees fit to follow the normal course, which is to enforce the waiver rule. At the conclusion of his October 17, 2022 Report and Recommendation, Magistrate Judge Patti notified the parties that they were required to file any objections within 14 days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 29, PageID.72.) It is now December 13, 2022, and no objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report

to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts his recommended disposition. (ECF No. 29.) It follows that this case is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

Dated: December 13, 2022

                                          s/Laurie J. Michelson
                                          LAURIE J. MICHELSON
                                          UNITED STATES DISTRICT JUDGE